IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMALGAMATED BANK OF CHICAGO,  )<br>f/k/a "Amalgamated Trust and Savings Bank," )<br>as Trustee u/t/a No. 2167, )<br>  )<br>Plaintiff, )<br>  )<br>v.  ) | No. 04 C 6266<br>Judge Robert W. Gettleman |

AMALGAMATED BANK OF CHICAGO,           )
f/k/a "Amalgamated Trust and Savings Bank," )
as Trustee u/t/a No. 2167,             )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )   No. 04 C 6266
                                        )   Judge Robert W. Gettleman
UPS SUPPLY CHAIN SOLUTIONS, INC.,      )
f/k/a "UPS Service Parts Logistics, Inc.,"  )
                                        )
        Defendant/Third-Party Plaintiff, )
    v.                                  )
                                        )
ACE MATERIAL HANDLING, INC., THE       )
TRAVIS GROUP, INC., and STORAGE        )
TECHNOLOGY TEAM, L.L.C.,               )
                                        )
        Third-Party Defendants.         )

## MEMORANDUM OPINION AND ORDER

Plaintiff Amalgamated Bank of Chicago, as land trustee, has filed a seven-count first amended complaint against defendant UPS Supply Chain Solutions, Inc. asserting state-law causes of action arising from casualty damage caused by a contractor for defendant to an industrial building owned by plaintiff: breach of lease with respect to casualty damage (Count I); breach of lease with respect to failure to return premises in good repair (Count II); unjust enrichment (Count III); damages for holdover tenancy (Count IV); negligence (Count V); promissory estoppel (Count VI); and specific performance (Count VII). Defendant has moved to dismiss Counts III, VI, and VII pursuant to Fed. R. Civ. P. 12(b)(6).

For the reasons stated below, defendant's motion is granted.

## FACTS[1]

The following facts are relevant to the counts challenged by defendant in its motion.

Plaintiff Amalgamated Bank of Chicago ("ABC"), an Illinois corporation, brings this action as trustee of Illinois land trust No. 2167, which serves as the landlord of the commercial improved property located at 1905-45 Lunt Avenue, Elk Grove Village, Illinois (the "Premises"). Defendant UPS Supply Chain Solutions, Inc. ("UPS"), a Delaware corporation, was a tenant of the Premises pursuant to an August 1997 lease agreement. In August 2003, an amendment to the lease extended the term through June 30, 2004. Copies of the lease and the amendment are attached to the first amended complaint.

On or about June 25, 2004, defendant's sub-tenant or one of its agents struck a structural column of the Premises with a fork-lift, causing substantial damages. The municipal authority of Elk Grove Village subsequently declared the Premises unsafe for operations, and plaintiff has been unable to show the Premises to, or sign a new lease with, any other prospective tenant. Plaintiff alleges that defendant has failed to cooperate in the repairs of the casualty damages, and thus plaintiff has been forced to retain a number of engineering and related professionals to make the necessary repairs. Plaintiff does not challenge defendant's statement in its motion that the "vast majority of the casualty damage has been repaired." Plaintiff also alleges that after the damages occurred defendant agreed to repay defendant for the cost of the repairs and to continue to pay rent at the rate of the last month under the lease on a month-to-month basis until the

---

[1] The facts recited herein are those alleged in the complaint which, for purposes of this Rule 12(b)(6) motion, the court accepts as true. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429 (7th Cir. 1996).

2

restoration is complete. According to plaintiff, defendant has failed to make either type of payments in a full or timely manner.

Plaintiff filed its complaint on September 27, 2004, but the litigation was stayed until January 18, 2005, while the parties engaged in settlement negotiations. Plaintiff filed its first amended complaint on February 17, 2005.

## DISCUSSION

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the complaint, not to rule on its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the motion, the court accepts the factual allegations as true and draws all reasonable inferences favorable to the plaintiff. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996).

The consideration of a Rule 12(b)(6) motion is generally restricted to the pleadings, which include the complaint, any exhibits attached thereto, and supporting briefs. Thompson v. Illinois Department of Professional Regulation, 300 F.3d 750, 753 (7th Cir. 2002). Nonetheless, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993).

**I.     Unjust enrichment and promissory estoppel (Counts III and VI)**

Count III of plaintiff's first amended complaint alleges that defendant has been unjustly enriched because defendant failed to perform certain interior construction work on the Premises

3

for which plaintiff paid defendant $56,800.[2] Count VI asserts a promissory estoppel claim based on alleged promises made by defendant and counsel for defendant regarding repair of the damages to the Premises. Plaintiff also alleges that it is owed hold-over rent each month while the Premises are repaired. Counts III and VI each incorporate the preceding paragraphs of the complaint, which include allegations of an express contract between the parties. Defendant argues that the incorporation of these allegations bars plaintiff's equitable claims.

A claim for unjust enrichment or promissory estoppel is based on an implied, rather than a specific, contract. Plaintiff argues that Counts III and VI are pled in the alternative to the breach of contract claims, and thus do not rely on a contractual theory. The first amended complaint, however, does not comport with plaintiff's alternative pleading argument because plaintiff specifically incorporates its breach of contract allegations into its equitable claims, and neither claim states that it is pled in the alternative. Plaintiff is correct that it is entitled under Fed. R. Civ. P. 8(e)(2) to plead the alternative claims of breach of contract and unjust enrichment or promissory estoppel despite the inconsistency between those claims. Canadian Pacific Ry. Co. v. Williams-Hayward Protective Coatings, Inc., 2003 WL 1907943, at *5(N.D. Ill. Apr. 17, 2003). A plaintiff's equitable claims, however, must not include allegations of a specific contract governing the parties' relationship, and multiple courts in this district have dismissed equitable claims that incorporated such contract allegations. See, e.g., Sharrow Group v. Zausa Development Corp, 2004 WL 2806193, at *3 (N.D. Ill. Dec. 3, 2004); Canadian Pac. Ry. Co.,

---

[2]The court notes that plaintiff alleges that defendant's predecessor, the previous tenant, received $56,800 toward the completion of this project, but also alleges that defendant received $56,800 for the same project. It is unclear if two separate payments were made.

2003 WL 1907943, at *5; Team Impressions, Inc. v. Chromas Technologies Canada, Inc., 2003 WL 355647, at *4 (N.D. Ill. Feb. 18, 2003).

Plaintiff attempts to amend its pleadings by arguing that Counts III and VI are intended as alternative claims. Courts have expressly rejected similar arguments attempting to cure a failure to plead in the alternative. See, e.g., Sharrow, 2004 WL 2806193, at *3 (dismissing plaintiff's unjust enrichment and promissory estoppel claims that incorporated allegations of an express contract, despite plaintiff's argument that they were alternative claims). Accordingly, the court grants defendant's motion to dismiss Counts III and VI without prejudice.

## II. Specific performance (Count VII)

Count VII of plaintiff's first amended complaint alleges that promises and representations made by defendant and its counsel regarding the repair of the Premises created enforceable contracts between the parties. Plaintiff alleges that it has satisfied its obligations, but that defendant "has not performed its end of the bargains and has thus breached the contracts in that they have not paid in full or in a timely manner for the restoration and repair work to the premises, nor have they paid the hold-over rent on a month-to-month basis."

Defendant argues that Count VII should be dismissed because the allegations "relate directly to inadmissible settlement negotiations and the purported promises that form the basis of the promissory estoppel claim." Evidence of conduct or statements made during settlement or "compromise" negotiations may be barred pursuant to Fed. R. Evid. 408, subject to exceptions. Defendant does not cite Fed. R. Evid. 408 or any case law in support of its argument, but the court need not reach this issue. Even if plaintiff may base its specific performance claim on promises made during "settlement negotiations," its claim suffers from a more fundamental flaw.

5

Specific performance generally will not be granted "where there is an adequate remedy at law, such as money damages, unless there is some element to show that the relief at law might not be adequate, such as where the measure of damages resulting from the nonperformance of the agreement is uncertain or difficult to ascertain." Zic v. Italian Government Travel Office, 130 F. Supp. 2d 991, 998 (N.D.Ill. Jan. 19, 2001)(quoting John O. Schofield, Inc. v. Nikkel, 314 Ill. App. 3d 771, 785 (5th Dist. 2000)); see also American Nat. Bank and Trust Co. of Chicago v. Allmerica Fincial Life Ins. and Annuity Co., 2003 WL 1921815, at *5 (N.D. Ill. Apr. 21, 2003).

In the instant case, plaintiff does not suggest that money damages for defendant's alleged failure to make timely payments for rent or repairs of the structural damages to the Premises, which are nearly complete, will be inadequate, uncertain, or difficult to calculate. Specific performance is thus not an available remedy. Accordingly, the court grants defendant's motion to dismiss Count VII. without prejudice.

## **CONCLUSION**

For the reasons stated herein, defendant's motion to dismiss is granted without prejudice as to Counts III, VI, and VII. Plaintiff is given leave to file a second amended complaint on or before June 3, 2005. Defendant shall answer or otherwise plead to the second amended complaint on or before June 29, 2005. The parties shall file a Joint Status Report using this court's form on or before June 24, 2005. The status hearing set for May 25, 2005, at 9 a.m. is stricken and rest to June 30, 2005, at 9:00 a.m.

**ENTER:** **May 16, 2005**

Robert W. Gettleman
United States District Judge